UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   vs.<br><br>RAFAEL RAMIREZ-MACIAS,<br><br>                Defendant. | No. CR-13-0059-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING GUIDELINE CALCULATION |

      The matter before the court at sentencing on the charge of being an alien in the United States after deportation was the Defendant's objection to the Guideline Calculation contained in the Presentence Investigation Report. Specifically, based upon *Descamps v. United States,* defense counsel alleged the Report erred in its application of a 12-level Offense Level enhancement pursuant to U.S.S.G § 2L1.2(b)(1)(A)(i) based upon the Defendant's May 19, 1989 Fresno County conviction for the sale of cocaine under California Health & Safety Code § 11352. The Government contended that statute is divisible and the modified categorical approach allows the court to utilize state court documents furnished to the court to determine that the Defendant's Fresno conviction qualifies as a "drug trafficking offense."

**1.    Legal Framework**

      U.S.S.G. 2L1.2(b)(1)(A)(i) provides for a 12-level Offense Level enhancement if the Defendant was previously deported after a conviction for a "felony...a drug trafficking offense" for which the sentence imposed was greater than 13 months, but the defendant did not receive criminal history points. "Drug trafficking offense" is defined

ORDER - 1

in Application Note 1(B)(iv) as a law that "prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance...or the possession of a controlled substance...with intent to manufacture, import, export, distribute or dispense."  The definition of the term "controlled substance" as used in this definition means "those substances listed in the Controlled Substances Act.".  *U.S. v. Leal -Vega*, 680 F.3d 1160 (9th Cir. 2012), *cert denied*, 133 S.Ct. 982 (Jan. 22, 2013).

To determine whether a conviction under California Health and Safety Code § 11352 meets the requirements for this 12-level Offense Level enhancement under the Sentencing Guidelines, the court first uses the categorical approach set out in *Taylor v. U.S.*, 495 U.S. 575, 598 (1990) and *Shepard v. United States*, 544 U.S. 13, 20 (2005). *United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990) (extending *Taylor's* categorical approach to ACCA to the Sentencing Guidelines).  The categorical approach requires the sentencing court to compare (1) the statutory definition – "i.e., the elements" of the Defendant's prior offense of conviction; and (2) the definition of "drug trafficking offense," as stated in § 2L1.2. If the statute of conviction requires proof of all the elements of what constitutes a drug trafficking offense, then the conviction is, "categorically," a drug trafficking offense. The "central feature" of the categorical approach is "a focus on the elements, rather than the facts, of a crime." *Descamps v. United States*, 133 S.Ct. 2276 (June 20, 2013).  The categorical approach prohibits the court from "delving into the particular facts disclosed by the record of conviction, thus leaving the court normally to 'look only to the fact of conviction and the statutory definition of the prior offense.'" *Shepard*, 544 U.S. at 17 (quoting *Taylor*, 495 U.S. at 602).

In limited circumstances, the court may modify the categorical approach and consider specific documents.   The modified categorical approach "serves a limited function: It helps effectuate the categorical analysis when a ***divisible*** statute, listing potential offense elements in the alternative, renders opaque which element played a part

ORDER - 2

in the defendant's conviction." *Descamps v. United States*, 133 S.Ct. 2276 (2013). The modified approach "has no role to play" if the prior conviction is predicated on a nondivisible (or indivisible) statute, including statutes that are "missing elements" or whose elements are "overbroad" in way that they could cover both qualifying and non-qualifying conduct. *Id*. The Supreme Court's rationale for this distinction is: "only divisible statutes enable a sentencing court to conclude that a jury (or judge at a plea hearing) has convicted the defendant of every element of the generic crime." *Id*.

**2.    § 11352 does not categorically qualify as a "drug trafficking offense."**

Section 11352(a) of the California Health and Safety Code provides as follows:

> Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years.

A conviction under § 11352 does not categorically qualify as a "drug trafficking offense" because 1) it criminalizes more substances than are included in the Controlled Substances Act, *see USA v. Leal-Vega*, 680 F.3d 1160 (9th Cir. 2012); and  2) the federal term "drug trafficking offense" does not include "transportation of a controlled substance for personal use and offers to transport, sell, furnish, administer, or give away a controlled substance," *see United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).

**3.    § 11352 is Divisible**

The court's analysis may proceed utilizing the modified categorical approach only if the matter involves "a divisible statute, listing potential offense elements in the alternative renders opaque which element played a part in the defendant's conviction."

ORDER - 3

*Descamps*, 133 S.Ct. 2276, 2283 (2013). A divisible statute is one whose statutory language defines the elements "alternatively" and so "effectively creates several different crimes," or otherwise stated, "comprises multiple, alternative versions of the crime" where "[i]n a typical case...the prosecutor charges one of those two alternatives and the judge instructs the jury accordingly." *Id.* at 2284.

By comparison, an "indivisible" or "non-divisible" statute "has a single, indivisible set of elements" and does not contain "alternative elements," and *may* criminalize "a broader swath of conduct." For example, *Descamps* held that a California first degree burglary statute was nondivisible and was facially broader than the generic definition of burglary because it did not require breaking and entering as an element of the offense. Therefore "[b]ecause of the mismatch in elements, a person convicted under that statute is never convicted of the generic crime."*Id*. at 2280. "[T]o determine whether a statute contains alternative elements...a court may be required to look beyond the text of the statute," for example, and "find cases concerning the correctness of jury instructions..." *Id.* at 2301-2302 (Alito, J. dissenting).

Section 11352 is a divisible statute. First, the plain language of the statute contains a single subsection listing potential offenses utilizing the disjunctive "or." The California Supreme Court explained this construction of this statute in *People v. Patterson*, 778 P.2d 549, 556 (1989):

> In contrast, Health and Safety Code section 11352, the statute at issue here, has no primary element. For instance, the elements of the crime of transporting a controlled substance bear no resemblance to those underlying the offense of administering such a substance; yet these two offenses are included in the same statute...The fact that the Legislature has included a variety of offenses in Health and Safety Code section 11352 does not require that we treat them as a unitary entity. Rather, we must decide whether in "[r]eading and considering the statute as a whole in order to determine the true legislative intent ... we find [a] basis for severing" the various types of conduct it forbids. There are more than 100 different controlled substances that fall within the confines of Health and Safety Code section 11352. To create statutes separately proscribing the importation, sale, furnishing, administration, etc., of each of these drugs, would require the enactment of hundreds of individual statutes. It thus appears that for the sake of convenience the Legislature has included the various offenses in one statute.

ORDER - 4

Furthermore, both California case law and the California model criminal jury instruction establish that proof of a qualifying controlled substance and whether it was sold, etc is necessary to support a conviction. *See* CALJIC 12.01. Finally, other similarly constructed statutes have also been construed as divisible. *See e.g., Tolosa v. Holder,* 362 Fed.Appx. 833(9th Cir. 2010)(unpublished)(implicitly suggesting § 11352 of the California Health and Safety Code was a divisible statute); *Cabantac v. Holder*, 2013 WL 4046052 * 1 (9th Cir. Aug. 23, 2012)(per curiam)(*dissent,* commenting that "it appears that [California Health and Safety Code] § 11377(a) is a divisible statute..."); *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028 (9th Cir. 2010)(treating California Health and Safety Code §11379 as divisible and noting that the court had "at least implicitly treated similar provisions" as divisible); *U.S. v. Gonzaelz-Tejeda*, 2013 WL 4401381 (S.D.CA Aug. 15, 2013)(rejecting defense contention that a Washington statute, RCW § 69.50.401A, which enumerates groups of drugs in the disjunctive, was an indivisible, over broad drug statute which could never qualify as a drug trafficking offense).

**4.    Modified Categorical Approach**

As the subject California statute is "divisible," under *Descamps,* the modified categorical approach may be utilized to examine the record of the prior conviction to determine, if possible, which offense the Defendant was convicted of and what the elements of the offense were. The court considers only the limited class of documents approved by *Shepard* and the most recent cases construing *Shepard*. In this instance, the following are considered sufficiently reliable: the California state Change of Plea Waiver of Rights form signed by the Defendant, the Abstract of Judgment, and two Minute Orders from the change of plea and sentencing hearings demonstrate the Defendant pleaded to Count 2 of the Complaint. *Cabantac v. Holder*, 2013 WL 4046052, at *5 (9th Cir. Aug. 9, 2013) (per curiam)("where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.").

ORDER - 5

Count 2 of the Fresno criminal Complaint charged the Defendant with the sale/furnishing of cocaine. Furthermore, the Change of Plea & Waiver of Rights form states that the factual basis of the Defendant's plea was "POL RRP," which commonly means police report. *See Parilla v. Gonzales*, 414 F.3d 1038 (9th Cir. 2005)(police report explicitly incorporated into guilty plea as basis for charge, therefore a judicially noticeable document for purpose of applying modified categorical approach). The police report regarding Count 2 is specifically summarized in the state Report and Recommendation of Probation furnished to the court. The police report stated that the Defendant sold cocaine to a confidential informant.

Defendant's Fresno County 1989 conviction under California Health and Safety Code § 11352 for the sale of cocaine meets the definition of a "drug trafficking offense," as defined by the U.S. Sentencing Guidelines. Accordingly, the Defendant's objection to the application of the 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) is **OVERRULED**.

IT IS SO ORDERED. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 29th day of August, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6